## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

**KENNETH P. RAINEY,**                                        **PLAINTIFF**

**VS.**                                              **CAUSE NO. 3:07CV154-B-A**

**CITY OF RIPLEY, MISSISSIPPI, COUNTY
OF TIPPAH, MISSISSIPPI, TIPPAH COUNTY
SHERIFF'S DEPARTMENT, CITY OF RIPLEY
POLICE DEPARTMENT, KEN WALKER, BERT
WILKINS AND SCOTT WHITE,**                                  **DEFENDANTS**

### MOTION BY DEFENDANTS CITY OF RIPLEY, MISSISSIPPI,
### CITY OF RIPLEY POLICE DEPARTMENT, KEN WALKER
### AND SCOTT WHITE TO DISMISS

SPECIALLY COME NOW DEFENDANTS, City of Ripley, Mississippi, City of Ripley

Police Department (without conceding that City of Ripley Police Department is a separate entity

capable of being sued), Ken Walker, and Scott White and in accordance with Rule 12 of the

Federal Rules of Civil Procedure move to dismiss this cause of action for insufficient service of

process (Rule 12(b)(5) and in support thereof show as follows:

(1)    According to the docket of this Court, it appears that Plaintiff filed Plaintiff's

Complaint on November 21, 2007 (document #1).

(2)    Based upon the docket of this Court, it appears that summons was never issued

for any of these Defendants until on or about September 9, 2008 (document #4), despite the fact

that this Court notified Plaintiff of this deficiency on December 21, 2007 (document #3).

(3)    These Defendants either have not been served, have not been properly served, or

have been served after September 9, 2008.

(4)    In accordance with Rule 4(m) of the Federal Rules of Civil Procedure such service of process is beyond 120 days after the Complaint was filed, and hence this cause of action should be dismissed as to these defendants.

(5)    Further, Plaintiff's attempt (after September 9, 2008) to serve these Defendants has been by certified mail, a form of service unavailable for service upon residents/entities of the State of Mississippi.

(6)    These Defendants make their appearance in this motion specially, solely and only for the purpose of contesting the sufficiency of service of process upon them and for the purpose of moving to dismiss because of such, and do not, by such special appearance, intend to waive process/service of process, voluntarily subject themselves to the jurisdiction of the Court for any other reason or purpose, or intend to waive or relinquish any rights, including the right to answer and offer affirmative defenses if it should be determined that there has been sufficiency of service of process upon these Defendants.

(7)    In support of this motion, these Defendants attach the following exhibits:

    (A)    Complaint;

    (B)    Notice from Court that no summons has been issued;

    (C)    Summons issued to City of Ripley, Mississippi;

    (D)    Summons issued to City of Ripley Police Department;

    (E)    Summons issued to Ken Walker;

    (F)    Summons issued to Scott White.

In addition, these defendants submit their Memorandum of Law.

RESPECTFULLY SUBMITTED,

MITCHELL, McNUTT & SAMS, P.A.

BY: /s/ Wendell H. Trapp, Jr.
      Attorneys for Defendants, City of
      Ripley, Mississippi, City of Ripley
      Police Department, Ken Walker
      and Scott White
      Wendell H. Trapp, Jr.
      Mississippi Bar # 8263

Mitchell, McNutt & Sams, P.A.
508 Waldron Street
Post Office Box 1200
Corinth, Mississippi 38835-1200
(662) 286-9931

### Certificate of Service

I hereby certify that on the 29th day of September, 2008, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Neal H. Labovitz, Esquire
Attorney at Law
1633 Main Street
Southaven, Mississippi 38671

/s/ Wendell H. Trapp, Jr.
Wendell H. Trapp, Jr.

554190

3

Case 3:07-cv-00154-NBB-SAA    Document 1    Filed 11/21/2007    Page 1 of 7

RECEIVED
NOV 21 2007
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

FILED
NOV 21 2007
DAVID CREWS, CLERK
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI, WESTERN DIVISION

KENNETH P. RAINEY,

Plainitiff,

v.

No.: 3:07CV154-B-A
Jury Demanded

CITY OF RIPLEY, MISSISSIPPI
COUNTY OF TIPPAH, MISSISSIPPI,
TIPPAH COUNTY SHERIFF DEPARTMENT,
CITY OF RIPLEY POLICE DEPARTMENT,
KEN WALKER,
BERT WILKINS, and,
SCOTT WHITE.

Defendants.

---

### COMPLAINT

---

Comes now the Plaintiffs, Kenneth P. Rainey, (hereinafter referred to as Plaintiff), and

sues the Defendants, City of Ripley, Mississippi, County of Tippah, Mississippi, Tippah County

Sheriff Department, City of Ripley Police Department, Ken Walker, Bert Wilkins, and Scott

White, (hereinafter collectively referred to as Defendants) and for cause would show unto the

Court:

Parties

1.    Kenneth P. Rainey is a resident of Tippah County, Mississippi who resides at

552 E. Walnut Street, Ripley, Mississippi 38652.

2.    The Defendants City of Ripley, Mississippi is a municipality organized under

the laws of the State of Mississippi and may be served with process at the office of the City



DEFENDANT'S
EXHIBIT
A
3:07CV154-B-A

Attorney at 500 S. Main St., Ripley, MS 38663.

3. That the Defendant County of Tippah, Mississippi is a county government organized under the laws of the State of Mississippi and may be served with process at the office of the County Attorney at 105 E. Spring St., Ripley, MS 38663.

4. That the Defendant Tippah County Sheriff Department is the law enforcement body of Tippah County, Mississippi and may be served with process at 204 W. Spring St., Ripley, MS 38662.

5. That the Defendant City of Ripley Police Department is the law enforcement body of the City of Ripley, Mississippi and may be served with process at 604 S. Main St., Ripley, MS 38663.

6. That Defendant Ken Walker is in the employ of the City of Ripley Police Department as a police officer and may be served with process at 604 S. Main St., Ripley, MS 38663.

7. That Defendant Bert Wilkins is in the employ of the Tippah County Sheriff as a deputy sheriff and may be served with process at 204 W. Spring St., Ripley, MS 38663.

8. That Defendant Scott White is in the employ of the City of Ripley Police Department as Assistant Chief of Police and may be served with process at 604 S. Main St., Ripley, MS 38663.

Jurisdiction

The jurisdiction of this Honorable Court of the matters complained of herein is predicated and founded upon violations of the Civil Rights Act (42 U.S.C. Sec. 1981 *et seq.*). And, the facts that all of the actions which bring about this cause of action occurred in or about Tippah County,

Mississippi which is situated in the Western Division of the Northern District of Mississippi.

That the damages sought in the matter in controversy and to which the plaintiff believes they are entitled exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. 1332.

Jury Demand

The Plaintiff demands a jury to try this cause when the issues are joined.

Facts Common to All Claims

1.      That at all times complained of Defendant Ken Walker acted as agent of the Defendant City of Ripley, Mississippi. And, that Defendant City of Ripley, Mississippi at all times ratified the actions of Defendant Ken Walker.

2.      That at all times complained of Defendant Bert Wilkins acted as agent of Defendant Tippah County Sheriff Department. And, that Defendant Tippah County Sheriff Department at all time ratified the actions of Defendant Bert Wilkins.

3.      That at all times complained of Defendant Scott White acted as agent of Defendant City of Ripley Police Department. And, that Defendant City of Ripley Police Department at all time ratified the actions of Defendant Scott White.

4.      That on or about November 24, 2004, the Plaintiff entered his residence. On the date in which he entered this residence, the Plaintiff was separated from his wife. The Plaintiff was under no court order or agreement to not be at the residence.

5.      The Plaintiff's wife, not expecting her husband to be in the residence, called 911 and alerted the authorities.

6.      Based upon information and belief, Defendant Ken Walker of the City of Ripley Police Department and Defendant Bert Wilkins of the Tippah County Sheriff Department were dispatched to the scene.

7.    The Plaintiff knew and was familiar with both Defendant Ken Walker and Defendant Bert Wilkins prior to this particular incident. And, based upon information and belief Defendant Ken Walker and Defendant Bert Wilkins knew and were familiar with the Plaintiff.

8.    That upon seeing Defendant Ken Walker and Defendant Bert Wilkins at his residence the Plaintiff greeted them.

9.    Defendant Ken Walker immediately attacked the Plaintiff causing him serious injury which required the Plaintiff to seek medical treatment and incur medical expenses at the Tippah County Hospital.

10.    That during the attack of the Plaintiff by Defendant Ken Walker, Defendant Bert Wilkins took no actions to stop the attack or to protect the Plaintiff from the attack.

11.    That at no time prior to or during the attack of the Plaintiff did the Plaintiff pose a threat to either Defendant Ken Walker or Defendant Bert Wilkins.

12.    Based upon information and belief, that the attack of the Plaintiff resulted from an established policy and procedure of both the City of Ripley Police Department and the Tippah County Sheriff Department.

13.    Based upon information and belief, that as a result of this incident officials of both Defendant City of Ripley, Mississippi and Defendant Tippah County, Mississippi took actions to have the Plaintiff disqualified as a Reserve Deputy Sheriff for Pontotoc County, Mississippi.

14.    That because of the actions of Defendant City of Ripley, Mississippi and Tippah County, Mississippi by and through the actions of their respective agents have caused the Plaintiff damages in the amount of medical expenses and damages to his reputation and character.

15.    The Plaintiff seeks both compensatory and punitive damages in an amount to be

proven at a hearing of this cause but to be no less than Two Million ($2,000,000.00) Dollars. For

assualt and battery, defamation of character, and violations of the Plaintiff's civil rights.

Count One

Assault and Battery

16.    The Plaintiff reiterates, restates, and incorporates by reference all of the

allegations contained in paragraphs 1-15 of the Complaint.

17.    That on or about November 24, 2004, Defendant City of Ripley, Mississippi

and Defendant Tippah County, Mississippi did by and through the actions of their respective

agents Defendant Ken Walker and Defendant Bert Wilkins did assault and cause bodily harm to

the Plaintiff at a time when the Plaintiff was lawfully in his home.

18.    That at no time did the Plaintiff pose a threat to either Defendant Walker of

Defendant Wilkins. And, that said attack was unprovoked.

19.    That due to the assault and battery of the Plaintiff by the Defendants, the Plaintiff

had to seek medical treatment and did incur medical expenses for said treatment.

20.    Further, that due to the assault and battery of the Plaintiff by the Defendants, the

Plaintiff has suffered permanent scarring and disfigurement to his body.

21.    That due to the assault and battery of the Plaintiff by the Defendants, the Plaintiff

has been damaged in an amount to be proven at a hearing of this cause.

Count Two

Defamation of Character

22.    The Plaintiff reiterates, restates, and incorporates by reference all of the

allegations contained in paragraphs 1-21 of the Complaint.

23.    That following the assault and battery on the part of the Defendants, the Plaintiff

was removed as reserve deputy sheriff for Ponotoc County, Mississippi.

24.     Based upon information and belief, his removal from the position of deputy sheriff in Ponotoc County, Mississippi resulted out of actions from the Defendants or resulting from the actions of various agents of the Defendants.

25.     That these actions included but were not limited to comments which were not truthful in nature regarding the incident which occurred in the Plaintiff's home on or about November 24, 2004.

26.     That as a result of these actions, the Plaintiff suffered damage to his character and reputation in the community.

27.     That as a result of this defamation of character, the Plaintiff has been damaged in an amount to be proven at a hearing of this cause.

Count Three

Violation of Civil Rights

28.     The Plaintiff reiterates, restates, and incorporates by reference all of the allegations contained in paragraphs 1-27 of the Complaint.

29.     That the Defendants by and through the actions of their respective agents did willfully violate the civil rights of the Plaintiff in violation of 42 U.S.C. 1983 *et seq.* by attacking and causing physical harm to the person of the Plaintiff.

30.     That the Defendant by and through the actions of their respective agents did willfully violate the civil right of the Plaintiff in violation of 42 U.S.C. 1983 *et seq.* by taking steps to disqualify the Plaintiff as a reserve deputy sheriff for Ponotoc County, Mississippi.

31.     That as a result of the disqualification of the Plaintiff as a reserve deputy sheriff for Ponotoc County, Mississippi, the Plaintiff had to incur substantial legal fees in order to be

reinstated to said position.

    32.    That due to the Defendants' violation of the Plaintiff's civil rights, by and through the actions of their respective agents, the Plaintiff was damaged in an amount to be proven at a hearing of this cause.

    WHEREFORE, premises considered, the Plaintiff prays:

1.    That proper process and notice issue and be served upon the Defendant herein requiring them to answer this complaint.

2.    That the Plaintiff reserves the right to amend the complaint.

3.    That upon a hearing of this cause that the matters in controversy be decided by a jury.

4.    That upon a hearing of this cause, the Plaintiff be awarded damages both compensatory and punitive in a total amount of no less than Two Million ($2,000,000.00) Dollars.

5.    For such other and further relief as may be just and proper within these premises.

Respectfully submitted,

NEAL H. LABOVITZ #1749
Attorney for Plaintiff
1633 Main St.
Southaven, MS 38671
(662) 342-7957



**UNITED STATES DISTRICT COURT**
OFFICE OF THE CLERK
NORTHERN DISTRICT OF MISSISSIPPI

**DAVID CREWS**
CLERK

911 Jackson Avenue, Suite 369
Oxford, MS 38655
Telephone: (601) 234-1971
Facsimile: (601) 236-5210

305 Main Street, Suite 329
Post Office Box 190
Greenville, MS 38701

301 West Commerce Street, Suite 308
Post Office Box 704
Aberdeen, MS 39730
Telephone: (601) 369-4952
Facsimile: (601) 369-9569

**KENNETH P. RAINEY**

**VS**                                              **NO: 3:07-CV-154-B-A**

**CITY OF RIPLEY, MISSISSIPPI ET AL**


PLEASE TAKE NOTICE that the court file does not show that a summons has
been issued on the following party(ies) :

> City of Ripley, Mississippi
> County of Tippah, Mississippi
> Tippah County Sheriff Department
> City of Ripley Police Department
> Ken Walker
> Bert Walker
> Scott White


**DAVID CREWS, CLERK**

**BY:  s/Teresa A. Barr**

**Deputy Clerk**


**DATE:   December 21,  2007**



DEFENDANT'S
EXHIBIT
B
3:07CV154-B-A

AO 440 (Rev 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Northern | District of | Mississippi |

KENNETH P. RAINEY

**SUMMONS IN A CIVIL CASE**

V.

CITY OF RIPLEY, MISSISSIPPI,
ET AL

CASE NUMBER: 3:07-CV-154-B-A

TO: (Name and address of Defendant)

CITY OF RIPLEY, MISSISSIPPI
CITY ATTORNEY
500 S. MAIN STREET
RIPLEY, MS 38663

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

NEAL H. LABOVITZ, ESQ.
1633 MAIN STREET
SOUTHAVEN, MS 38671

an answer to the complaint which is served on you with this summons, within _____ 30 _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

David Crews

CLERK

(By) DEPUTY CLERK

DATE     9/9/08

DEFENDANT'S
EXHIBIT
C
3:07CV154-B-A

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Northern _____ District of _____ Mississippi

KENNETH P. RAINEY

**SUMMONS IN A CIVIL CASE**

V.

CITY OF RIPLEY, MISSISSIPPI,
ET AL

CASE NUMBER: 3:07-CV-154-B-A

TO: (Name and address of Defendant)

CITY OF RIPLEY POLICE DEPARTMENT
604 S. MAIN STREET
RIPLEY, MS 38663

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

NEAL H. LABOVITZ, ESQ.
1633 MAIN STREET
SOUTHAVEN, MS 38671

an answer to the complaint which is served on you with this summons, within _____ 30 _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

David Crews

CLERK

(By) DEPUTY CLERK

9/9/00

DATE

**DEFENDANT'S EXHIBIT**
D
3:07CV154-D-A

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Northern                    District of                    Mississippi

KENNETH P. RAINEY

**SUMMONS IN A CIVIL CASE**

V.

CITY OF RIPLEY, MISSISSIPPI,
ET AL                         CASE NUMBER: 3:07-CV-154-B-A


TO: (Name and address of Defendant)

KEN WALKER
CITY OF RIPLEY, MISSISSIPPI POLICE DEPARTMENT
604 S. MAIN STREET
RIPLEY, MS 38663


**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

NEAL H. LABOVITZ, ESQ.
1633 MAIN STREET
SOUTHAVEN, MS 38671


an answer to the complaint which is served on you with this summons, within _____30_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.


David Crews

CLERK                                                   DATE    9/9/08

(By) DEPUTY CLERK


**DEFENDANT'S
EXHIBIT**

E

3:07CV154-B-A

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Northern | District of | Mississippi |

KENNETH P. RAINEY

**SUMMONS IN A CIVIL CASE**

V.

CITY OF RIPLEY, MISSISSIPPI,
ET AL

CASE NUMBER: 3:07-CV-154-B-A

TO: (Name and address of Defendant)

SCOTT WHITE
ASSISTANT CHIEF OF POLICE
CITY OF RIPLEY POLICE DEPARTMENT
604 W. MAIN STREET
RIPLEY, MS 38663

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

NEAL H. LABOVITZ, ESQ.
1633 MAIN STREET
SOUTHAVEN, MS 38671

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

David Crews

CLERK

(By) DEPUTY CLERK

DATE    9/9/08



DEFENDANT'S
EXHIBIT

F

3:07CV154-B-A