IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

KENNETH P. RAINEY,                                      PLAINTIFF

VS.                                                CAUSE NO. 3:07CV154-B-A

CITY OF RIPLEY, MISSISSIPPI, COUNTY
OF TIPPAH, MISSISSIPPI, TIPPAH COUNTY
SHERIFF'S DEPARTMENT, CITY OF RIPLEY
POLICE DEPARTMENT, KEN WALKER, BERT
WILKINS AND SCOTT WHITE,                            DEFENDANTS

## MEMORANDUM BRIEF IN SUPPORT OF MOTION TO DISMISS
## FILED BY DEFENDANTS CITY OF RIPLEY, MISSISSIPPI,
## CITY OF RIPLEY POLICE DEPARTMENT,
## KEN WALKER AND SCOTT WHITE

SPECIALLY COME NOW DEFENDANTS above named, and submit this Memorandum Brief in support of their Motion to Dismiss, and in support thereof show unto the Court as follows:

### FACTS

According to the docket of this Court, Plaintiff filed his Complaint on November 21, 2007 (Document No. 1). Plaintiff did not simultaneously have summons issued. Plaintiff was notified by the Court on December 21, 2007, that summons had not been issued (Document No. 3). Despite such notice, summons was not **issued** for any Defendant until on or about September 9, 2008 (Document No. 4). These Defendants either have not been served, have not been properly served, or if properly served, were served subsequent to September 9, 2008. From the date on which the Complaint was filed until the date that summons was **issued**, is a period of 293 days. According to Rule 4(m) of the Federal Rules of Civil Procedure plaintiff must serve defendants with summons "within 120 days after the complaint is filed." Not only were Defendants not served within 120 days after the filing of the Complaint, but summons was not

554191

even issued for another 173 days. In accordance with Rule 4(m) of the <u>Federal Rules of Civil Procedure</u>, Plaintiff's cause of action, as to these Defendants, therefore, should be dismissed.

In addition, when an effort to serve summons was made for the first time in September, 2008, it was made by attempting to serve Defendants, Mississippi residents/entities, by certified mail. Such is not a recognized/permitted means of serving residents.

## ARGUMENT

### A. FAILURE TO SERVE SUMMONS WITHIN 120 DAYS

Plaintiff's Complaint against Movants should be dismissed. Rule 4(m) of the Federal Rules of Civil Procedure provides that defendants are to be served with a summons within 120 days after the complaint is filed. Specifically, Rule 4(m) provides the following:

> "**(m) Time Limit for Service.** If a defendant is not served within 120 days after the complaint is filed, the Court, on motion or on its own after notice to the plaintiff, must dismiss the action without prejudice against that defendant, or order that service be made within a specified time. But, if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

<u>Federal Rules of Civil Procedure</u>, Rule 4(m). The Court's own docket clearly and unequivocally establishes that Plaintiff has failed to adhere to the mandate of the Rule 4(m). Not only were these Defendants not served with a summons within the 120 days, but Plaintiff did not even have summons issued within the 120 day period. Likewise, according to the docket of the Court, Plaintiff did not file a motion seeking an extension of time within which to serve summons, as specifically provided by Rule 6 of the <u>Federal Rules of Civil Procedure</u>.

> "**(b) Extending Time:**
>
> (1)  *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:

>   (A)   with or without motion or notice if the court acts, or if a request is made, before the original time, or its extension expires; or
>
>   (B)   on motion made after the time has expired if the party failed to act because of excusable neglect."

Federal Rules of Civil Procedure 6(b). This case falls within category (B) of Rule 6(b)(1) as the 120 day period for service of summons mandated by Rule 4 has long since passed.

In Heb Grocery LP. v. Texas Spice Co., Inc., (not reported in F.Supp.2d, 2006 W.L. 509246 (W.D. Tex. 2006) the interplay between Rule 4 and Rule 6 is discussed. In that discussion the court cited Wright & Miller as follows:

> "Rule 6(b)(1) gives the court wide discretion to grant a request for additional time that is made **prior to the expiration of the period originally prescribed** . . . . " (Emphasis added)

The Fifth Circuit Court of Appeals has held " '[i]f a plaintiff fails to serve the defendant properly within 120 days of filing the complaint, upon motion of the defendant or *sua sponte* by the court with notice to the plaintiff, the action shall be dismissed without prejudice unless the plaintiff shows good cause for failure to complete service.' " Flory v. U.S., 79 F.3d 24, 25 (5th Cir. 1996) (quoting Peters v. U. S., 9 F.3d 344, 345 (5th Cir. 1993).

In this case Plaintiff cannot establish "good cause". The Fifth Circuit has held that "inadvertence or mistake of counsel, or ignorance of the rules usually does not suffice, some showing of 'good faith' . . . and [a] reasonable basis for non-compliance within the time specified' is necessary to show good cause." Winters v. Teledyne, 776 F.2d 1304, 1306 (5th Cir. 1986) (quoting 4A Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure, §1165 (2d ed. 1987). See also, McDonald v. U. S., 898 F.2d 466, 467-68 (5th Cir. 1990). Plaintiff simply cannot establish good cause for Plaintiff's failure to serve these Defendants

within the time allotted by Rule 4 and therefore it is respectfully submitted that the Court should dismiss the Complaint.

Dismissal is proper, in this case, because not only did Plaintiff not serve Defendants within 120 days after filing the Complaint, but Plaintiff did not even have summons issued until a period of approximately 293 days after filing the Complaint. This, therefore, is not a case where the inability of Plaintiff to have process served upon these Defendants within 120 days was frustrated by Defendants, by a third party, or by some other excusable event. Since no effort whatsoever was made to have summons issued and served within the 120 days, it can hardly be contended that there was any interference with Plaintiff's ability to accomplish this Rule-mandated task. Likewise, at no time did Plaintiff move the Court for additional time to accomplish service of summons. The failure of Plaintiff to move for additional time to accomplish Plaintiff's Rule 4 mandated duty to serve summons within 120 days has been recognized by the United States District Court for the Southern District of Mississippi as an argument against establishment of "good cause." Pedersen v. Princiotta, 2006 W.L. 1195463 (S. D. Miss. 2006).

> "Lastly, because the Plaintiff has failed to serve David Larson and has failed to seek additional time to do so, the Plaintiff's complaint against David Larson **must** be dismissed." (Emphasis added).

Further, the Movants are a municipality and a municipality's police department (though it is not conceded that the City of Ripley Police Department is a separate entity capable of being separately sued) and two individuals designated as law enforcement officers of the City of Ripley Police Department, one of whom is identified as Assistant Police Chief. Certainly a municipality/municipal police department is not capable of evading service of process. The City of Ripley and its police department are easy to find, stationary, visible defendants. Further,

Mississippi law provides simple, direct instructions on how to serve a municipal entity, or any other governmental entity. Rule 4 of the Mississippi Rules of Civil Procedure provides for service upon a municipality as follows:

> "(7) Upon a municipal corporation by delivering a copy of the summons and complaint to the Mayor or Municipal Clerk of said municipal corporation."

Mississippi Rules of Civil Procedure 4(d)(7). The state Rules further provide specific direction with respect to service upon any other governmental entity, which presumably would be applicable to the City of Ripley Police Department (if in fact it is a separate entity capable of being separately sued).

> "(8) Upon any governmental entity not mentioned above, by delivering a copy of the summons and complaint to the person, officer, group, or body responsible for the administration of that entity, or by serving the appropriate legal officer, if any, representing the entity. Service upon any person who is a member of the 'group' or 'body' responsible for the administration of the entity shall be sufficient."

Mississippi Rules of Civil Procedure 4(d)(8). Plaintiff, in his Complaint, has specifically identified the street address for the City of Ripley, as well as the street address for the City of Ripley Police Department (paragraphs 2 and 5). Further, Plaintiff has identified Scott White as the Assistant Chief of Police of the City of Ripley Police Department and has specifically provided in Plaintiff's Complaint a street address at which he (White) might be served with summons. Defendant, Ken Walker, is described as an employee of the City of Ripley Police Department and Plaintiff has provided a street address at which he might be served. Even without those addresses, the Court can take judicial notice of the fact that an Assistant Chief of Police and a police officer may be found at the place of their employ.

With these factors thus established, it would be extremely difficult, if not impossible, for Plaintiff to establish good cause for Plaintiff's failure to accomplish timely service of summons as required by Rule 4(m). According to Wright & Miller:

> "Good cause is likely (but not always) to be found when the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, the defendant has evaded service of the process, or engaged in misleading conduct, the plaintiff has acted diligently in trying to effect service, or there are understandable mitigating circumstances, or the plaintiff is proceeding pro' se or informa pauperis."

Charles Allen Wright & Arthur R. Miller, Federal Practice & Procedures, §1137, at 342 (3d ed 2000). Plaintiff's action/inaction cannot be equated with good cause as discussed above by Wright and Miller. Certainly Plaintiff's failure to serve summons within 120 days cannot be blamed upon a process server as Plaintiff did not even have process issued within the 120 day period. Further, as discussed hereinabove, it can hardly be claimed that these Defendants could successfully evade service of summons if they tried. Likewise, Plaintiff cannot argue that Plaintiff has acted diligently in trying to effect service. Since summons was not even issued for a period of 293 days (despite a reminder from the Court), one could hardly categorize Plaintiff's actions to serve summons as diligent. Further, this it not the case of a plaintiff proceeding pro' se or informa pauperis. If Rule 4(m) is not going to be applied in this case, one can hardly imagine any possible scenario in which the Rule could be applied. Under such circumstances, one is left to wonder why the Rule would even exist.

The facts in this case are even more egregious. After the Complaint was filed, Plaintiff was notified by the Court on December 21, 2007 that summons had not been issued for these Defendants (Document No. 3). Even after that notice on December 21, 2007, it appears that Plaintiff took no action to request issuance of summons or to have summons served, nor did Plaintiff file a motion for additional time to accomplish same. Plaintiff had actual notice of

Plaintiff's deficiency from the Court and neither responded to that notice by taking the required action, nor provided any explanation for Plaintiff's failure. Certainly, under such circumstances "good cause" does not exist. This notice was provided by the Court even though the Court is not required to provide such notice. Systems Signs Supplies v. U. S. Dept. of Justice, Washington, D.C. 903 F.2d 1011 (5th Cir. 1990).

In order to find good cause for Plaintiff's failure to serve summons within 120 days in this case, the following obstacles must be overcome.

(1) There was no effort whatsoever to have summons issued within the 120 day period.

(2) There was no effort whatsoever to have summons served upon Movants within the 120 day period.

(3) The Court notified Plaintiff on December 21, 2007 that no summons had been issued.

(4) Despite Court notice to Plaintiff on December 21, 2007, that no summons had been issued, Plaintiff did not have summons issued until September 9, 2008, 293 days after the Complaint was filed.

(5) There was no motion for additional time to serve summons filed within the 120 day period.

(6) Failure to serve summons within the 120 day period cannot be blamed on a third party such as a process server since there was no involvement of a third party/process server within the 120 day period.

(7) One Defendant is a municipal entity, thereby incapable of evading service of summons.

554191 7

(8) Another Defendant (if it is a separate entity capable of being sued separately), the City of Ripley Police Department, is a governmental entity incapable of evading process.

(9) The two individual Defendants are represented in the Complaint to be employees of the City of Ripley Police Department for whom addresses are provided by Plaintiff in Plaintiff's Complaint.

(10) There is no suggestion that any Defendant engaged in any wrongful behavior or attempted to evade service of process, which would have been impossible since there was no effort to serve process within the 120 day period.

(11) Plaintiff did not file a motion for additional time to serve summons as provided by Rule 6 of the Federal Rules of Civil Procedure at any time.

(12) Plaintiff is not proceeding pro' se or informa pauperis.

If "good cause" is to have any meaning, then the foregoing factors must be recognized. Otherwise, this case will establish precedent that will render Rule 4(m) a nullity.

It is respectfully submitted that this case should be dismissed as to these Defendants as set forth hereinabove, and based upon the uncontradicted established facts.

### B. ATTEMPTED SERVICE BY CERTIFIED MAIL

In addition to the untimely effort to serve summons in this case, the service/attempted service is inadequate and insufficient for other reasons. It appears that the Plaintiff attempted to serve summons upon the Defendants by certified mail. Rule 4 of the Federal Rules of Civil Procedure provides the means by which summons may be served. There is no specific provision for service of a summons by certified mail as to defendants such as those who are the Movants herein. Rule 4(e) does provide that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the

554191         8

district court is located, or where service is made." Rule 4 of the <u>Mississippi Rules of Civil Procedure</u> provides for service of summons by certified mail, but only upon persons outside the state.

> "In addition to service by any other method provided by this Rule, a summons may be served on a person **outside the state** by sending a copy of the summons and of the complaint to the person to be served by certified mail, return receipt requested. Where the defendant is a natural person, the envelope containing the summons and complaint shall be marked 'restricted delivery.' Service by this method shall be deemed complete as of the date of delivery as evidenced by the return receipt, or by the returned envelope marked 'refused.'"

<u>Mississippi Rules of Civil Procedure</u> 4(c)(5). None of the Movants are individuals "outside the state" as confirmed by the statements relative to them contained in Plaintiff's Complaint wherein Plaintiff specifically provides addresses for service of the Defendants, all of which addresses are addresses within the State of Mississippi.

According to the docket of the Court, no return of service has been filed with respect to any Defendant. Further, no return receipt for certified mail or returned envelope marked "refused" has been filed with the Court. Even if return receipts or returned envelopes marked "refused" had been filed with the Court, such would be insufficient service of process under the Rules. Therefore, it is respectfully submitted that these Defendants are not yet properly before this Court.

## CONCLUSION

It is respectfully submitted that the subject case should be dismissed if Rule 4 is to have any meaning whatsoever. As clearly established, summons was not served upon any of the Defendants within the 120 day period provided by Rule 4, and in fact, was not even issued for a period of 293 days following the filing of the Complaint. By not even seeking issuance of the summons within the 120 day period, and by failing to move for additional time to serve

summons within that period of time, Plaintiff has essentially eliminated any argument that Plaintiff conceivably could have to support "good cause." If this case is not dismissed, it will serve as precedent that will essentially render Rule 4 a nullity, for it can hardly be imagined that there would be a more extreme case justifying dismissal than the case sub judice. Further, even when an effort was made to serve summons (for the first time after September 9, 2008), such was pursued in a manner not recognized by Rule 4. For these reasons, it is respectfully submitted that the subject case should be dismissed.

This 29th day of September, 2008.

RESPECTFULLY SUBMITTED,

MITCHELL, McNUTT & SAMS, P.A.

BY: /s/ Wendell H. Trapp, Jr.
Attorneys for Defendants, City of
Ripley, Mississippi, City of Ripley
Police Department, Ken Walker
and Scott White
Wendell H. Trapp, Jr.
Mississippi Bar # 8263

Mitchell, McNutt & Sams, P.A.
508 Waldron Street
Post Office Box 1200
Corinth, Mississippi 38835-1200
(662) 286-9931

## Certificate of Service

I hereby certify that on the 29th day of September, 2008, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

>Neal H. Labovitz, Esquire
>Attorney at Law
>1633 Main Street
>Southaven, Mississippi 38671

>/s/ Wendell H. Trapp, Jr.
>Wendell H. Trapp, Jr.