IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI, WESTERN DIVISION

KENNETH P. RAINEY,

      Plainitiff,

v.                                                        No.: 03:07CV154-B-A
                                                               Jury Demanded

CITY OF RIPLEY, MISSISSIPPI
COUNTY OF TIPPAH, MISSISSIPPI,
TIPPAH COUNTY SHERIFF DEPARTMENT,
CITY OF RIPLEY POLICE DEPARTMENT,
KEN WALKER,
BERT WILKINS, and,
SCOTT WHITE.

      Defendants.

**MEMORANDUM OF LAW AND FACT IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

COMES NOW, Plaintiff, Kenneth P. Rainey, by and through counsel, Neal H. Labovitz, pursuant to Rule 12 of the Federal Rules of Civil Procedure and LR 7.2., and respectfully files this Memorandum of Law and Fact in Opposition to Defendants' Motion to Dismiss, and would show unto the Court as follows:

FACTS

1.     That this cause came to be filed in this Honorable Court on November 21, 2007 with the Plaintiff, by and through counsel, filing a Complaint. (Document 1, Complaint).

2.     That this Complaint is founded upon actions that occurred on or about November 24, 2004. (Document 1, Complaint)

3. That in accordance with Miss. Code 15-1-49, the statute of limitations for these actions is for a period of three (3) years. As such, the statute of limitations on these actions would have expired on November 24, 2007.

4. That through inadvertence, the Summons were not issued in this cause until September 9, 2008. (Document 4, Summons).

5. That both the Summons and Complaints were served upon all of the Defendants on or about September 11, 2008 by certified, return receipt mail. (Document 12, Proof of Service).

6. That on September 29, 2008 Defendants City of Ripley, Mississippi; City of Ripley Police Department, Ken Walker and Scott White moved to dismiss this action. (Document 6, Motion to Dismiss).

7. That on October 3, 2008, Defendants County of Tippah, Mississippi, Tippah County Sheriff Department and Bert Wilkins moved to dismiss this action. (Document 9, Motion to Dismiss).

8. That on October 7, 2008, the Plaintiff, by and through counsel, filed a Motion for Extension of Time to file a Response to these Motions to Dismiss. (Document 11, First Motion for Extension of Time).

9. That at all times during the course of this litigation, the Plaintiff has been represented by counsel.

## ARGUMENT

DEFENDANTS' ARGUMENT THAT CASE SHOULD BE DISMISSED IS WITHOUT MERIT.

Fed. R. Civ. P., Rule 4(m) states as follows:

> **(m) Time Limit for Service.** If service of the summons and complaint is

not made upon a defendant within 120 days after the filing of the complaint, **the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time;** provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) and (j)(1). [Emphasis added.]

Even if the Plaintiff lacks good cause, the Court has discretionary power to extend the time of service; and a discretionary extension may be warranted, "for example, if the **applicable statute of limitations would bar the refiled action**, or if the defendant is evading service, or conceals a defect in attempted service." *Millan v. USAA General Indeminty Company,* No. 08-30114, page 5 (5th Cir. 10/18/2008) (quoting Fed. R. Civ. P., Rule 4(m) advisory committee's note (1993). In the present case, it does not appear that a dismissal would be the appropriate action to be taken. It is a fact that this case was filed on November 21, 2007, prior to the expiration of the applicable three (3) year statute of limitations. *Miss. Code* 15-1-49. Further, the applicable statute of limitations in this matter ran on November 24, 2007. As such, should the Defendants be granted their Motion to Dismiss, this would not be as stated in Fed. R. Civ. P., Rule 4(m) a dismissal without prejudice; but rather a dismissal with prejudice.

Where the dismissal is without prejudice, but the applicable statute of limitations probably bars further litigation, the standard of review for a District Court's dismissal should be the same as is used when reviewing a dismissal with prejudice. *Millan* at page 5; *Boazman v. Econ. Lab., Inc.,* 537 F.2d 210, 213 (5th Cir. 1976). Should this Court grant the relief requested of these Defendants, and since the period of the statute of limitations has already run on this matter, this Court should apply the more rigid standard to be used with a dismissal with prejudice rather than the 120 day and lack of good cause standard

asserted by the Defendants.

The Court's have recognized that a dismissal with prejudice "is an extreme sanction that deprives a litigant of the opportunity to pursue his claim." *Gonzalez v. Firestone Tire & Rubber Co.,* 610 F.2d 241, 247 (5th Cir. 1980). Further, the District Court has limited discretion to dismiss claims with prejudice. *Price v. McGlathery,* 792 F.2d 472, 474 (5th Cir. 1986). A District Court's "dismissal with prejudice is warranted only where 'a clear record of delay or contumacious conduct by the plaintiff' exist and a 'lesser sanction would not better serve the interests of justice.'" *Gray v. Fid. Acceptance Corp.,* 634 F.2d 226, 227 (5th Cir. 1967) (quoting *Durham v. Fla. East Coast Railway Co.,* 385 F.2d 366, 368 (5th Cir. 1967), and *Brown v. Thompson,* 430 F.2d 1214, 1216 (5th Cir. 1970)).

In imposing the sanction of dismissal with prejudice, the two elements set out above must result from the history of a particular case. *Sturgeon v. Airborne Freight Corp.,* 778 F.2d 1154, 1159 (5th Cir. 1985). A review of the court record does not support the Defendants' contention. This matter was filed on November 21, 2007. By and through the inadvertence of the Plaintiff's counsel the summons were not issued until September 9, 2008. By the Defendants own admission the period of delay in this matter is only for a period of 173 days. The law of the Fifth Circuit does not support dismissal with prejudice in this matter.

First, the Fifth Circuit has recognized that "delay which warrants dismissal with prejudice must be longer than just a few months; instead the delay must be characterized by 'significant periods of total inactivity.'" *McNeal v. Papasan,* 842 F.2d 787, 791 (5th Cir. 1988) (quoting *John v. Louisiana,* 828 F.2d 1129, 1131 (5th Cir. 1987). The Fifth

Circuit has generally reserved dismissals with prejudice for "egregious and sometimes outrageous delays." *Rogers v. Kroger Co.,* 669 F.2d 317, 321 (5th Cir. 1982). The court 'exceeded its well-defined discretion' in dismissing for failure to prosecute when only eight months elapsed from the date of the first status conference to the date of its dismissal. *Morris v. Ocean Sys., Inc.,* 730 F.2d 248, 252 (5th Cir. 1984). As stated by the Defendants, the delay in the present case only involves a matter of 173 days. The Fifth Circuit has clearly established that the delay must be more that a few months and has even set the standard to be longer than eight months. As such, it is clear that the Plaintiff in this cause does not have a clear record of delay which is required in order to warrant a dismissal with prejudice.

Second, the Fifth Circuit has held "it is not a party's negligence–regardless of how careless, inconsiderate, or understandably exasperating–that makes conduct contumacious; instead it is the 'stubborn resistance to authority' which justifies a dismissal with prejudice." *McNeal*, 842 F.2d at 792. Delay caused by plaintiffs' negligence, but not contumacious conduct, is insufficient to warrant dismissal with prejudice. *Gray,* 634 F.2d 227-8. The facts clearly demonstrate that the counsel for the Plaintiff clearly inadvertently failed to have the summons issued in this matter until September 9, 2008. As such, the failure to have the summons and complaints timely served pursuant to Fed. R. Civ. P., Rule 4(m) results out of acts of negligence. As the Fifth Circuit has consistently held, this does not rise to the level of contumacious conduct which would warrant a dismissal with prejudice.

As the Defendants have failed to set out a clear history of delay in this case or any contumacious conduct on the part of the Plaintiff, their Motion to Dismiss should be

denied as this dismissal would have the same effect as a dismissal without prejudice. As detailed above, this outcome would be consistent with previous rulings of the Fifth Circuit.

Third, the Fifth Circuit has generally only affirmed dismissals with prejudice upon the finding of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *McGlathery,* 792 at 474.

In the present case, the Defendants have failed to assert any of the three aggravating factors that the Fifth Circuit has set out. The record shows that the Plaintiff has been represented by counsel since the filing of the initial Complaint in this matter. As such, the Defendants are not able to make any showing that this delay was the result of actual conduct on the part of the Plaintiff. Thus, aggravating factor one would not apply in this case.

The Defendants, in their Motions to Dismiss, assert no prejudice which would result in the event that this matter is not dismissed. Further, the Plaintiff can think of no manner in which the Defendants would be prejudiced should their Motions to Dismiss be denied. If these Defendants had been served with the summons and complaints within the 120 day period, the Defendants would have to defend this lawsuit which is the exact same position they will be in if their motions are denied. As the Defendants are unable to demonstrate any prejudice, then aggravating factor number two would not apply in this case.

The Defendants, in their Motions to Dismiss, do not assert that the action of not having the summons and complaints timely served were acts of intent. Counsel for the

Plaintiff has asserted in this response that the failure to have the summons issued until September 9, 2008 resulted out of inadvertence. Since there is no showing of intentional delay, then aggravating factor number three should not apply in this case.

As none of these aggravating factors appear to apply in this matter, a dismissal of this action does not appear to be one that would be affirmed by the Fifth Circuit, especially in light of the recently decided *Millan* case.

Dismissal with prejudice is only appropriate in cases where the plaintiff's conduct has threatened the integrity of the judicial process, often to the prejudice of the defense, leaving the court no option but to deny that plaintiff its benefits. *Rogers*, 669 F.2d at 321. As is outlined above under the case law in the Fifth Circuit, the Plaintiff's conduct, by and through his counsel, in this matter has not risen to the level in which a dismissal with prejudice is warranted. As such, the Defendants Motion to Dismiss should be denied.

DEFENDANTS' ARGUMENT THAT SUMMONS AND COMPLAINT NOT PROPERLY SERVED IS WITHOUT MERIT.

Fed. R. Civ. P, Rule 4(e)(1) states as follows:

**(e) Service Upon Individuals Within a Judicial District of the United States.** Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:

(1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the court of general jurisdiction of the State; or

\* \* \*

Fed. R. Civ. P., Rule 4(j) states as follows:

**(j) Service Upon Foreign, State, or Local Governments.**

\* \* \*

  (2) Service upon a state, municipal corporation, or other governmental organization subject to suit shall be effected by delivering a copy of the summons and complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons and other like process upon any such defendant.

Miss. R. Civ. P., Rule 4(c)(3) states as follows:

  By Mail.

  (A) A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (4) of this rule by mailing a copy of the summons and of the complaint (**by first-class mail, postage prepaid**) to the person to be served, . . . [Emphasis added.]

The Defendants' rely upon Miss. R. Civ. P.. Rule 4(c)(5) for the proposition that the only parties who can be served by certified, return receipt mail are parties residing out of the state. However, this Honorable Court can take judicial notice that it is impossible to mail a letter certified, return receipt requested without first having to purchase the first-class mail postage. As stated above, Miss. R. Civ. P., Rule 4(c)(3)(A) clearly allows for service of summons and complaint via first-class mail. The fact that the Plaintiff took the extra step of sending the summons and complaint via certified, return receipt does not negate the fact that these were also sent via first-class mail. As such, this argument of the Defendants is without merit and should not be the basis for a dismissal with prejudice of this cause.

## CONCLUSION

For the foregoing reasons, the Defendants Motion to Dismiss should be denied. Or, in the alternative, should this Honorable Court deem that these summons and complaints have not been properly served, the Plaintiff would respectfully request a reasonable period of time of no less than ten (10) days to properly effect service of these summons and complaints.

        Respectfully submitted,
        /s/Neal H. Labovitz
        NEAL H. LABOVITZ #1749
        Attorney for Plaintiff
        1633 Main St.
        Southaven, MS 38671
        662-342-7957

CERTIFICATE OF SERVICE

    The undersigned hereby certifies that true and correct copy of the foregoing Memorandum of Law and Fact in Oposition to Defendants' Motion to Dismiss has been sent via the Court's ECF system and by first class U.S. Mail, postage prepaid, to all counsels of record in this matter on the 27th day of October, 2008.

                                                               s/Neal H. Labovitz