**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**KENNETH P. RAINEY,**                                            **PLAINTIFF**

**VS.**                                    **CAUSE NO. 3:07CV154-B-A**

**CITY OF RIPLEY, MISSISSIPPI, COUNTY
OF TIPPAH, MISSISSIPPI, TIPPAH COUNTY
SHERIFF'S DEPARTMENT, CITY OF RIPLEY
POLICE DEPARTMENT, KEN WALKER, BERT
WILKINS AND SCOTT WHITE,**                             **DEFENDANTS**

**REPLY MEMORANDUM OF CITY OF RIPLEY,
MISSISSIPPI, CITY OF RIPLEY POLICE
DEPARTMENT\*, KEN WALKER and SCOTT WHITE**

SPECIALLY COME NOW DEFENDANTS above named (without intending to generally appear or waive process), and submit this, their Reply Memorandum in support of their Motion to Dismiss, and in support thereof show as follows:

It is uncontradicted that Plaintiff filed the suit which is the subject of this cause of action on November 21, 2007. It is further uncontradicted that Plaintiff did not seek issuance of summons or attempt service of summons at the time that the Plaintiff filed the subject suit. When Plaintiff failed to seek issuance of summons, Plaintiff was notified by the Court on December 21, 2007 that summons had not been issued. Despite such notice, Plaintiff took no action to have summons issued, or served. Such likewise is uncontradicted and established by the Court's docket. On or about September 9, 2008, approximately 263 days after notice from the Court and 293 days after filing the Complaint, Plaintiff had summons **issued**. Later, Plaintiff filed with the Court the summons. The summons filed by Plaintiff with the Court indicate that Plaintiff attempted to serve these Defendants by certified mail, return receipt requested, mailing same on

---

\*By this filing Movants do not concede that City of Ripley Police Department is a separate entity capable of being sued.

September 11, 2008. Document No. 12. Beyond the fact that these Defendants cannot be validly served by certified mail, there has been no filing by Plaintiff to document that even this effort was successful in reaching any of the Defendants, i.e.; Plaintiff has failed to file any receipts for certified mail or otherwise. Defendants, therefore, contend that **they still have not been served with summons** despite the passage of 345 days since the filing of the Complaint (as of October 31, 2008). Therefore, though Plaintiff argues to the Court that the Plaintiff is only 173 days late in serving summons, such is not borne out by the facts. First of all, the 173 days to which Plaintiff refers is the time period that has expired since the passage of the 120 day period provided by Rule 4(m) for serving summons. Therefore, even under Plaintiff's argument, Plaintiff did not even seek the issuance of summons for 293 days after suit was filed. Then, all that Plaintiff accomplished was the issuance of summons which Plaintiff followed with an effort to serve summons by certified mail (an insufficient means of service upon these resident Defendants). Plaintiff has unequivocally failed to comply with Rule 4 and Rule 6 of the <u>Federal Rules of Civil Procedure</u> and these Defendants still are not before this Court, despite the passage of almost a year since the filing of the subject suit by Plaintiff.

Plaintiff incorrectly asserts in Plaintiff's Memorandum that the Defendants have been served. Plaintiff appears to equate service of summons with issuance of summons. Summons for these Defendants were not even issued until 293 days following the filing of the Complaint. Rule 4 requires more than issuance of summons. Rule 4 requires **service** of summons. These Defendants still have not been served with summons. Plaintiff suggests that Plaintiff sent summons by certified mail to these Defendants though Plaintiff has not offered any evidence that these Defendants received the certified mail. Service by certified mail is only available, as discussed hereinafter with respect to non-resident defendants. Further, as stated, Plaintiff has filed no evidence that certified

mail was received by these Defendants. The mere mailing of summons has been deemed by the Mississippi Supreme Court to be insufficient compliance with Rule 4. Holmes v. Coast Transit Authority, 815 So.2d 1183, 1185 (Miss. 2002). Likewise, partially completed service has been deemed insufficient compliance with Rule 4. Collum v. Senholtz, 767 So.2d 215 (Miss. App. 2000) (actual service on defendant's daughter, not followed by timely mailing a copy of summons to defendant) was inadequate to defeat a Rule 4 dismissal.

Plaintiff does not argue that Plaintiff has complied with Rule 4 or the Court's December 21, 2007, notice. Instead, Plaintiff argues that Plaintiff's failure should be ignored. Plaintiff argues that dismissal of the subject suit amounts to a dismissal with prejudice. Plaintiff suggests that if the subject case is dismissed without prejudice, the statue of limitations will bar the refiling of the action and Plaintiffs suggest that such should cause the Court to refrain from dismissal. The mere fact that a Rule 4 dismissal will effectively bar suit due to the running of the statute of limitations does not constitute "good cause" per se'. See Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1306 n.7 (3d Cir. 1995) (cited in Hawkins v. Potter, 234 Fed. Appx. 188 (5th Cir. 2007) a Mississippi case. In Gilliam v. Kiere, 1997 W L 279768, N.D. Tex., May 16, 1997, a Rule 4 dismissal was deemed appropriate even though the statue of limitations would conceivably serve as a bar to the refiling by plaintiff of plaintiff's lawsuit where plaintiff neither moved for additional time to serve nor sought a finding of good cause for extension of the time to serve summons. Failure of a plaintiff to seek additional time to serve summons as required by Rule 4 has been recognized by the United States District Court for the Southern District of Mississippi as an argument against establishment of "good cause". Pederson v. Princiotta, 2006 W L 1195463 (S.D. Miss. 2006).

> "Lastly, because the Plaintiff has failed to serve David Larson and has failed to seek additional time to do so, the Plaintiff's complaint against David Larson must be dismissed."

In this case, uncontradictedly, Plaintiff did not serve summons within the 120 day period provided, did not file a motion for additional time to serve summons, failed to act in response to the Court's notice that Plaintiff had not accomplished Plaintiff's Rule 4 mandated duty, then, 263 days after notice from the Court, Plaintiff first sought issuance of summons which summons has yet properly to be served.

A recent Fifth Circuit case has discussed certain of the issues that are presented by the case sub judice. Newby v. Enron Corp., No. 06-20658,2008,U.S. App. LEXIS 14041 (5th Cir. July 2, 2008). In the Newby case, suit was filed on February 11, 2003. There were significant complications following the filing of the suit, including a bankruptcy stay and other stays. Eventually, however, it was determined, on August 16, 2005, that certain defendants had never been served with summons. On December 20, 2005 (more than 120 days after being notified that certain defendants had not been served with summons) plaintiff filed a motion seeking an additional 60 days to effect service. Defendants objected claiming that plaintiff had never made an attempt to serve them. The District Court dismissed all claims as to the unserved defendants. Though the dismissal was without prejudice it, in effect, constituted a dismissal with prejudice because the statue of limitations had passed by the time of dismissal. The case was appealed to the Fifth Circuit Court of Appeals. The Fifth Circuit acknowledged that in some circumstances in the Rule 4(m) setting, relief **may** be appropriate if the statue of limitations has passed, thereby rendering dismissal without prejudice to be dismissal with prejudice. Despite recognition of that fact, the Fifth Circuit affirmed the District Court's dismissal nonetheless.

> "In addition, we have rejected the argument that dismissal is unwarranted when the statute of limitations period has run. Redding v. Essex Crane Rental

> Corp. of Ala., 752 F.2d 1077, 1078, (5th Cir. 1985). 'It is not our function to create exceptions to the rule for cases in which dismissal without prejudice may work prejudice in fact . . . . .' Norlock v. City of Garland, 768 F.2d 654, 658 (5th Cir. 1985); see also McDonald v. United States, 898 F.2d 466, 468 (5th Cir. 1990). ('[D]ismissal is not unwarranted simply because the limitations period has run.'); Traina v. United States, 911 F.2d 1155, 1157 (5th Cir. 1990) ('it is well settled that inability to refile a suit does not bar dismissal . . . . .')."

See also Sanchez v. Perez, No. 96-40049, 1996 W L 512289 at *2 (5th Cir. Aug. 30, 1996) (citing Norlock, 768 F.2d at 658 and holding that "[a] district court may order a dismissal under Rule 4(m) even where it will operate as 'with prejudice' because the statue of limitations has run."; McWherter v. Collins, No. 95-20347, 1995 W L 725358, at *2 (5th Cir. Oct. 20, 1995) ("a Rule 4(m) dismissal may be ordered even when the 'without prejudice' operates as a 'with prejudice' dismissal because the applicable statue of limitations has run.")

The Newby Court also deemed it pertinent that the plaintiff waited 126 days after receiving notice from defendants' attorneys that the defendants had not been served with summons before plaintiff sought leave of the court for additional time to accomplish service of summons. The facts of the case sub judice are even more extreme. In the case sub judice, Plaintiff received notice from the Court, not merely other parties, regarding Plaintiff's need to have summons served. Despite such notice, Plaintiff waited 263 days before even seeking issuance of summons.

The Newby Court rejected the plaintiff's other arguments as insufficient to establish good cause/excusable neglect. Citing Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1306 (5th Cir. 1985) the court found that "some showing of 'good faith on the part of the parties seeking an enlargement and some reasonable basis for non-compliance within the time specified' is normally required." The Court found that the excuses proffered by plaintiff for failure to serve summons related to "inadvertence, mistake of counsel, and unfamiliarity with rules, all matters

554829                                     5

that fall short of the excusable neglect threshold, especially considering the length of delay in effecting service and the **continued delay after learning of defects in service**." The Newby case is a Rule 4(m) case recently decided by the Fifth Circuit which bears remarkable similarity to the case sub judice. As dismissal was deemed appropriate in Newby (and affirmed by the Fifth Circuit) it is respectfully submitted that such likewise will be appropriate in the case sub judice.

Plaintiff argues that failure to serve summons was due to Plaintiff's counsel's inadvertence. In dealing with a similar argument, the Mississippi Supreme Court has stated:

> "This Court has stated that '[t]o establish 'good cause' the Plaintiff must demonstrate 'at least as much as would be required to show excusable neglect as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'"

The Mississippi Supreme Court has held the "excusable neglect standard" to be a "very strict standard." Moore v. Byrd, 799 So.2d 133, 136 (Miss. App. 2001); see also, Webster v. Webster, 2002 W L 31320504 (Miss. 2002).

Plaintiff's citation of Millan v. U.S.A.A. General Indemnity Company, No. 08-30114 (5th Cir. 10/18/08) is citation of a case completely different than that presented by the case sub judice. In Millan, plaintiff filed suit on May 18, 2007, and attempted service of process on August 24, 2007, within the 120 day period provided by Rule 4. Thereafter, on September 6, 2007, the district court issued an order directing Plaintiff to file a return of service with the court on or before October 9, 2007. In response to the court's September 6, 2007, order, the Millan plaintiff unsuccessfully attempted service of summons; then successfully served the defendants with summons. The Millan plaintiff's service of summons was 124 days after the complaint was filed. Unlike the case sub judice however, the Millan plaintiff's service of summons four days

beyond the 120 day deadline was still within the October 9, 2007 date provided by court order. Millan is, therefore, distinguishable from the case sub judice in numerous pertinent regards:

(1)  The Millan plaintiff attempted service of summons on multiple occasions within the 120 day period; whereas Plaintiff in the case sub judice made no attempt to serve summons within the 120 day period, and in fact, did not even request issuance of summons within the 120 day period.

(2)  In Millan, the court entered an order seemingly granting the Millan plaintiff until October 9, 2007, within which to serve summons and file a return, with which the Millan plaintiff complied. In the case sub judice there has been no order of the Court entered that could in any way be interpreted to extend the deadline to serve summons beyond the 120 day period mandated by Rule 4.

(3)  The Millan plaintiff did not ignore the court order regarding service of summons; whereas, in the case sub judice though the Court provided notice to Plaintiff of Plaintiff's obligation to seek issuance and service of summons, Plaintiff ignored that Order for a period of 263 days, never seeking issuance of summons, and certainly never serving summons within that period of time.

(4)  In Millan, the defendants were served four days beyond the 120 day period (but within the period set forth by the court's order); whereas, in the case sub judice the Defendants have yet to be validly served with a summons, despite the passage of approximately 345 days (so far) from the date on which the Complaint was filed.

(5)  The Millan Court found the Millan plaintiff to have complied with the district court's order when the Millan plaintiff filed a return of service with the court prior to October 9,

2007; whereas, there is no court order in the case sub judice which in any way can be construed to justify Plaintiff's failure to perform Plaintiff's Rule 4 mandated duty.

(6) In deciding Millan, the court distinguished it from Newby v. Enron Corp. No. 06-20658, 2008 U.S.App. LEXIS 14041 at *12-*13 (5th Cir. July 2, 2008) by noting that in Millan, the plaintiff had attempted service within the 120 day period whereas in Newby, the plaintiff had never attempted service within the 120 day period. The Plaintiff in the case sub judice clearly has not attempted service within the 120 day period, and in fact, did not even request issuance of summons within the 120 day period, and therefore, the case sub judice is more akin to Newby than Millan. Further, even once summons was issued, Plaintiff has not served summons.

Though Plaintiff argues that Plaintiff's conduct is "negligence," not "intentional misconduct," and though Plaintiff argues that his conduct is not "contumacious," it is clear that the Millan Court reached its conclusion that the Millan plaintiff was not contumacious by virtue of the fact that the Millan plaintiff had complied with the court's order. It is respectfully submitted that the Plaintiff's action in the case sub judice cannot be likened to that of the Millan plaintiff, and in view of the fact that Plaintiff ignored the Court's December 21, 2007 notice regarding service of summons, Plaintiff's conduct is in fact both "contumacious," and "intentional misconduct."

Plaintiff has also cited Boazman v. Economics Laboratory, Inc., 537 F.2d 210 (5th Cir. 1976). That case however, is not a Rule 4 case. It is a case in which the district court specifically found under the circumstances presented by that case that dismissal with prejudice was not appropriate, and therefore, the district court dismissed the case without prejudice.

Plaintiff's citation of Gonzalez v. Firestone Tire & Rubber Co., 610 F.2d 241 (5th Cir. 1980) likewise is inapplicable to the case sub judice. The Gonzalez case is not a Rule 4 case, but

rather is a case in which a district court dismissed a case because of the failure of an attorney to appear at a pre-trial conference. Such a failure is a single incident to be contrasted with the action/inaction of the Plaintiff in the case sub judice in which Plaintiff not only did not serve a summons, but did not request issuance of summons within the 120 day period mandated by Rule 4(m), nor did Plaintiff file a motion for additional time to accomplish such. In fact, even to this date, these Defendants have not been sufficiently served with summons.

Plaintiff's citation of Price v. McGlathery, 792 F.2d 472 (5th Cir. 1986) is actually more supportive of the position of Movants than that of Plaintiff. The Price case is not a Rule 4 case. In that case, however, the district court dismissed the suit filed by Plaintiff for failure to prosecute. Specifically, Plaintiff's attorney failed to file a pre-trial order, and failed to certify his intent to comply with pre-trial instructions and procedural rules. This occurred over a period of approximately 10 months. The district court's dismissal of that case was affirmed on appeal. In the case sub judice, Plaintiff's failure to serve summons has exceeded 10 months from the date on which the Complaint was filed. Though Plaintiff's counsel in Price made the same arguments made by Plaintiff in the case sub judice, those arguments were rejected. Specifically, the Price plaintiff argued that the delay was unintentional/that the conduct constituted negligence. The district court however, found otherwise, specifically finding the conduct of plaintiff's attorney in failing to certify that he would comply with court orders and rules, to be "contumacious conduct."

Gray v. Fidelity Acceptance Corp., 634 F.2d 226 (5th Cir. 1981), another case cited by Plaintiff, is nothing more than a discovery sanction case, clearly dissimilar to the case sub judice. Plaintiff's citation of Sturgeon v. Airborne Freight Corp., 778 F.2d 1154 (5th Cir. 1985) is citation of a case in which a district court's dismissal with prejudice was affirmed, and hence, is

of no support to Plaintiff's argument in the case sub judice. Rogers v. Kroger Co., 669 F.2d 317 (5th Cir. 1982), likewise is not supportive of Plaintiff's argument. Though dismissal with prejudice was reversed in the Rogers case, there was a showing that the plaintiff in Rogers (and the defendant) had made motions for extension of time with respect to discovery issues. The case sub judice is not a discovery sanction case. Further, the case sub judice is one in which the Plaintiff did not file any motion for additional time to accomplish his Rule 4 mandated duty.

Plaintiff cites Morris v. Ocean Systems, Inc., 730 F.2d 248 (5th Cir. 1984) for the proposition that a delay of eight months did not support dismissal with prejudice. It must be recognized that Morris is not a Rule 4 case. Further, the Plaintiff in the case sub judice has not yet served summons despite the passage of more than 11 months since the date on which the Complaint was filed.

### PLAINTIFF'S EFFORT TO SERVE DEFENDANTS BY CERTIFIED MAIL IS INSUFFICIENT

The Court file reflects that Plaintiff has attempted service of summons upon these Movants by certified mail. Documents No. 12. As discussed in Movant's original Memorandum, service of summons by certified mail is provided by Mississippi law only for service upon non-residents. Mississippi Rules of Civil Procedure, Rule 4(c)(5). Plaintiff has failed to submit any argument that serves to judicially erase the verbage contained in Rule 4(c)(5) "a summons may be served on a person **outside this state** by sending a copy of the summons and of the complaint to the person to be served by certified mail, return receipt requested." Rather than submit any authorities to negate the clear wording of Rule 4(c)(5), Plaintiff has chosen instead to cite Rule 4(c)(3). Plaintiff, however, has chosen to cite only a portion of Rule 4(c)(3). Rule 4(c)(3) provides for service of summons by first class mail, but clearly goes further and requires that for such service to be sufficient the person/entity served

must execute an acknowledgement conforming substantially to Form 1-B. Rule 4(c)(3) further provides that the person sought to be served has 20 days after receiving the complaint, summons, notice and acknowledgement forms, along with a return envelope to execute the acknowledgement and return it to the plaintiff. Plaintiff has not filed with the Court any proof that any of Movants signed an acknowledgement and returned it to Plaintiff. In fact, Plaintiff has not suggested that Plaintiff complied with Rule 4(c)(3) by providing to Movants "two copies of a notice and acknowledgement conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender." Hence, none of Movants have been served with a summons in accordance with Rule 4(c)(3). Further, service by first class mail (even when accompanied by a signed acknowledgement) is not a permitted means of service upon a municipality, as a municipality is not "a defendant of any class referred to in paragraph (1) or (4) of subdivision (d)" of Rule 4(c)(3), but rather is a Defendant described in subdivision (b)(7).

In summary, one cannot serve a resident of the State of Mississippi simply by mailing a summons. Even Rule 4(c)(3), when available, requires that a plaintiff not only serve the summons and complaint upon the defendant, but also provides the person being served by first class mail be provided with two copies of a notice and acknowledgement conforming substantially to Form 1-B, and a return envelope, postage prepaid, addressed to sender.

Clearly, it has been established that these Movants have not been served with a summons in any manner contemplated by Rule 4 of the Federal Rules of Civil Procedure, or Rule 4 of the Mississippi Rules of Civil Procedure. Though Plaintiff suggests that Plaintiff "took the extra step" by sending the summons via certified mail, in actuality, the Plaintiff did not take the steps required by Rule 4(c)(3), and hence, Plaintiff's effort to serve these Movants is, as a matter of law, insufficient.

## CONCLUSION

In conclusion, certain extreme facts must be recognized. First and foremost, these Defendants have never been validly served with summons despite the passage of 345 days from the date on which the Complaint was filed in this case. These Defendants are residents who cannot be served simply by mailing summons to them. Though Plaintiff contends that the Defendants have been served, Plaintiff relies upon the fact that Plaintiff mailed certified letters to the Defendants. Plaintiff has not demonstrated that any of the Defendants received the mail, nor has Plaintiff shown that Plaintiff furnished to the Defendants two notices and acknowledgments and a return envelope as required by the Rules. Therefore, even as of this date, these Defendants have not been served with a summons.

It must further be recognized as an uncontradicted fact that Plaintiff did not serve Defendants with summons within the 120 days provided by Rule 4, and in fact, did not even seek issuance of summons within the 120 day period. The case is further aggravated by the fact that the Court provided notice to Plaintiff of Plaintiff's need to accomplish service. Plaintiff still did not even request issuance of summons for another 263 days. In accordance with the cases cited herein, this case should be dismissed. If Rule 4 is to have any meaning whatsoever, this is a case in which it should be applied. Otherwise, it should be erased from the Rules. Unlike many cases, this is a case in which Plaintiff did not serve summons, have summons issued, or file a motion for additional time to serve summons within the 120 day period mandated by Rule 4. Plaintiff, therefore, can hardly argue that Plaintiff has exhibited good cause. Were that not enough, the Plaintiff's failure then to respond to the Court's notice that summons needed to be served for more than 263 days, provides the death nail to any argument supportive of Plaintiff's position.

It is respectfully submitted that this case should be dismissed.

                          RESPECTFULLY SUBMITTED,

                          MITCHELL, McNUTT & SAMS, P.A.

                          BY: /s/ Wendell H. Trapp, Jr.
                                Attorneys for Defendants, City of
                                Ripley, Mississippi, City of Ripley
                                Police Department, Ken Walker,
                                and Scott White
                                Wendell H. Trapp, Jr.
                                Mississippi Bar # 8263

Mitchell, McNutt & Sams, P.A.
508 Waldron Street
Post Office Box 1200
Corinth, Mississippi 38835-1200
(662) 286-9931

*Certificate of Service*

I hereby certify that on the 31 day of October, 2008, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

        Neal H. Labovitz, Esquire
        Attorney at Law
        1633 Main Street
        Southaven, Mississippi 38671

        Katherine Kerby, Esquire
        Kerby law Firm
        Post Office Box 551
        Columbus, Mississippi 39703-0551

                            /s / Wendell H. Trapp, Jr.
                            Wendell H. Trapp, Jr.