IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**KENNETH P. RAINEY,**                                                                    **PLAINTIFF**

**VS.**                                                                       **CAUSE NO. 3:07CV154-B-A**

**CITY OF RIPLEY, MISSISSIPPI, COUNTY
OF TIPPAH, MISSISSIPPI, TIPPAH COUNTY
SHERIFF'S DEPARTMENT, CITY OF RIPLEY
POLICE DEPARTMENT, KEN WALKER, BERT
WILKINS AND SCOTT WHITE,**                                       **DEFENDANTS**

### JOINDER IN AND ADOPTION OF REPLY MEMORANDUM OF CITY OF RIPLEY,MISSISSIPPI, CITY OF RIPLEY POLICE DEPARTMENT, KEN WALKER and SCOTT WHITE FILED BY DEFENDANTS TIPPAH COUNTY, MISSISSIPPI, TIPPAH COUNTY SHERIFF'S DEPARTMENT, AND BERT WILKINS

SPECIALLY COME NOW DEFENDANTS Tippah County, Mississippi, Tippah County Sheriff's Department, and Bert Wilkins, also referred to herein as the Tippah Defendants, and submit this their Joinder in and Adoption of the Reply Memorandum of the City of Ripley, Mississippi, City of Ripley Police Department, Ken Walker and Scott White, which is docket document 15, and which Defendants are also referred to herein as the Ripley Defendants, but in Reply to Plaintiff's Response to the Motion to Dismiss filed by these Defendants as docket document 9, and in support thereof show unto the Court as follows:

The Plaintiff's Response to the Motion to Dismiss of these Defendants is exactly as the Plaintiff's Response to the Motion to Dismiss of the City of Ripley Defendants. The Reply of these Defendants is the same as the Reply of the City of Ripley Defendants. These Defendants Adopt and Join in said Reply found as docket document 15 but as the Reply of and in the name of these Defendants. The Reply is not reproduced in it's entirety as it is already of record, is well and fully responsive to the Plaintiff Reply, and the facts as to summons and lack of service of

554191

process are exactly the same as to the Tippah Defendants as the Ripley Defendants except for different names.

The Tippah Defendants have not been served as the method attempted by Plaintiff is not available as a matter of law and that was not even attempted timely. According to Rule 4(m) of the <u>Federal Rules of Civil Procedure</u> plaintiff must serve defendants with summons "within 120 days after the complaint is filed." Not only were Defendants not served within 120 days after the filing of the Complaint, but summons was not even issued for another 173 days. In accordance with Rule 4(m) of the <u>Federal Rules of Civil Procedure</u>, Plaintiff's cause of action, as to these Defendants should be dismissed. Plaintiff got an extra bite at the apple with service time and limitations time and he admits no just cause for the delay and only claims mere inadvertence.

The time definition of a particular statute of limitations or adoption by rule of a particular period of time already represent considered decisions of law as to what date or dates should exist to bar an action due to the passage of excessive time. The considered decisions on time in which to file and time in which to effectuate service of process already represent the points in time beyond which extreme prejudice exists for Defendants. Inadvertence of Counsel does not lessen the prejudice to Defendants based on the passage of time and in reliance upon the Rules of Court and the Statute of Limitations. In this particular case the passage of time has been extreme and so then has been corresponding prejudice to Defendants. The normal period to sue a County and County Officials under Mississippi Law is limited to one year as found at Miss. Code Ann. Section 11-46-11(3) plus a 90 day pre suit notice to the public entity. Plaintiff herein gave no such notice and Defendants rely on the definition of the Statute of Limitations as beyond same is prejudicial. The subject event of the Plaintiff's claim is described as taking place November 24, 2004, or four years ago, due to a 911 call from Plaintiff's estranged wife bringing these

Defendants allegedly into the events of the case. The claims reflected in the Complaint at docket Document 1 filed November 11, 2007 are called Count One for " Assault and Battery" which has a one year statute of limitations found at Miss Code Ann Section 15-1-35, Count Two for "Defamation of Character" which also has the same cited one year statute of limitations, and finally Count Three for "Civil Rights" which presently has an arguable three year statute of limitations but should have a one year statute of limitations as Miss Code Ann Section 11-46-11(3) is the most closely analogous and also exclusive period of limitations in State Law for personal injury claims against a county government. In Mississippi, since enactment of the Mississippi Tort Claims Act, found at Miss Code Ann Section 11-46-1 et.seq. effective as to county Defendants in 1993, there are no possible multiple periods of limitations as to personal injury claims against local government defendants. The Mississippi Tort Claims Act is by definition the exclusive remedy under State Law as to State tortfeasors. The Count Three Claims would also be time barred in Mississippi Courts under the one year Statute of Limitations that the Courts of Mississippi would apply of Miss Code Ann Section 11-46-11(3).

Every claim in the Complaint is predicated on alleged conduct under State Law for which a one year period of limitations exists which highlights the prejudice to Defendants under Federal Law of failing to apply the considered time limitations and is indicative of the extreme prejudice to Defendants. These Defendants respectfully submit that the Court should dismiss the Complaint.

This the 3rd day of November, 2008.

                                          RESPECTFULLY SUBMITTED,

                                          Katherine S. Kerby
                                          Kerby Law Firm, L.L.C.

                                          BY: /s/ Katherine S. Kerby

        Attorney for Defendants, Tippah County,
        Mississippi, Tippah County Sheriff's
        Department, and Bert Wilkins
        Katherine S. Kerby
        Mississippi Bar # 3584

Katherine S. Kerby
Kerby Law Firm, L.L.C.
Kerby Law Building~722 College Street
Post Office Box 551
Columbus, Mississippi 39703
(662) 889-3733

### *Certificate of Service*

I hereby certify that on the 3rd day of November, 2008, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

    Neal H. Labovitz, Esquire
    Attorney at Law
    1633 Main Street
    Southaven, Mississippi 38671

    Wendell H. Trapp, Jr.
    Mitchell, McNutt & Sams, P.A.
    508 Waldron Street
    P. O. Box 1200
    Corinth , MS

    /s /   Katherine S. Kerby
    Katherine S. Kerby