IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

KENNETH P. RAINEY                                                                    PLAINTIFF

V.                                                                CIVIL ACTION NO. 3:07CV154-B-A

CITY OF RIPLEY, MISSISSIPPI, COUNTY
OF TIPPAH, MISSISSIPPI, TIPPAH COUNTY
SHERIFF'S DEPARTMENT, CITY OF RIPLEY
POLICE DEPARTMENT, KEN WALKER, BERT
WILKINS, AND SCOTT WHITE                                                         DEFENDANTS

## MEMORANDUM OPINION

This cause comes before the court upon the defendants' motions to dismiss. Upon due consideration of the motions, responses, exhibits, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

The plaintiff, Kenneth P. Rainey, filed this action pursuant to 42 U.S.C. § 1983 on November 21, 2007, asserting, inter alia, that the defendants violated his civil rights when they attacked him at his home. At the time of the alleged incident, the plaintiff and his wife were separated, and the wife was living in the home. The plaintiff, who was allegedly under no court order or agreement not to be at the residence, visited it on November 24, 2004. The plaintiff's wife, not expecting her husband to be in the residence, telephoned 9-1-1 and alerted the authorities.

The plaintiff asserts that defendant Ken Walker of the City of Ripley Police Department and defendant Bert Wilkins of the Tippah County Sheriff's Department arrived at his home. According to the plaintiff, the officers knew and were familiar with him; so, upon seeing them at his residence, the plaintiff greeted them. The plaintiff claims that at that point defendant Walker

immediately attacked him causing him serious injury which required him to seek medical treatment at the Tippah County Hospital. The plaintiff further asserts that defendant Wilkins took no actions to stop the attack or protect the plaintiff from the attack. The plaintiff contends that the officers' actions resulted from an established policy and procedure of both the Ripley Police Department and the Tippah County Sheriff's Department.

The plaintiff brought intentional tort claims under Mississippi state law in addition to his Section 1983 claims. As noted above, the plaintiff filed this action on November 21, 2007. On December 21, 2007, this court notified the plaintiff of his failure to have summonses issued on any of the defendants. Despite this admonition by the court that he should immediately take measures to have the defendants summonsed, the plaintiff did not make the effort to have summonses issued as to any defendant until September 9, 2008 – more than nine months after the filing of the lawsuit. The defendants have specially appeared for the limited purpose of moving to dismiss pursuant to Federal Rule of Evidence 12(b)(5) for insufficient service of process.

## Analysis

Rule 4(m) of the Federal Rules of Civil Procedure provide the time limit for service of process. The rule states:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Not only were the defendants in the present case not served within the 120 day time period, the plaintiff did not even have summonses issued within the 120 days, despite instructions by the court that he should do so. Further, the plaintiff never sought leave of court to serve out of time.

The plaintiff cites only "inadvertence" as his excuse for the lengthy delay in service. Inadvertence does not justify a flagrant disregard of the rules, as has been held by the Fifth Circuit. In addressing the "good cause" exception to the rule, the Fifth Circuit has stated:

> Without attempting a rigid or all-encompassing definition of "good cause," it would appear to require *at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of "good faith on the part of the party seeking an enlargement *and* some reasonable basis for noncompliance within the time specified" is normally required.

*Winters v. Teledyne Movible Offshore, Inc.*, 776 F.3d 1304, 1306 (5th Cir. 1985) (quoting 10 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 1165 at 622) (emphasis in original).

The plaintiff argues that dismissal without prejudice in this case will, in effect, be *with* prejudice because the statute of limitations will bar the refiling of the action. The Fifth Circuit addressed such circumstances in *Newby v. Enron Corp.*, 284 Fed. Appx. 146, 150 (5th Cir. 2008), stating that "we have rejected the argument that dismissal is unwarranted when the statute of limitations period has run," and that "[i]t is not our function to create exceptions to the rule for cases in which dismissal without prejudice may work prejudice in fact . . . ." *Id.* (quoting *Norlock v. City of Garland*, 768 F.2d 654, 658 (5th Cir. 1985)); *see also McDonald v. United States*, 898 F.2d 466, 468 (5th Cir. 1990) ("[D]ismissal is not unwarranted simply because the limitations period has run."); *Traina v. United States*, 911 F.2d 1155, 1157 (5th Cir. 1990) ("It is

3

well settled that inability to refile a suit does not bar dismissal . . . ."). In light of this precedent, the court has no choice but to reject the plaintiff's argument.

## Conclusion

For the foregoing reasons, the court finds that the defendants' motions to dismiss are well taken and shall be granted. An order in accord with this opinion shall issue this day.

This, the 12th day of April, 2009.

                                                 */s/ Neal Biggers*
                                                 **NEAL B. BIGGERS, JR.**
                                                 **SENIOR U.S. DISTRICT JUDGE**